UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILIP M. BOUYER, <br> # 806158 <br><br> Plaintiff <br><br> v. <br><br> TEXAS PAROLE BOARD, <br> SANDRA PETERSON, <br><br> Defendants | § § § § § § § § § § § § § | <br><br><br><br><br><br> Civil Action <br> No. SA-10-CA-853-XR (NN) |

**SHOW CAUSE ORDER**

Plaintiff Philip M. Bouyer has filed a 42 U.S.C. § 1983 civil rights complaint. Plaintiff was apparently on parole or mandatory supervision release. Plaintiff asserts he was arrested on three occasions in 2010 – June 7, July 2, and September 15, but Defendant Board of Pardons and Paroles released him on parole or re-instated parole all three times. Plaintiff was admitted to a hospital on May 26, 2010, and he notified his parole officer Defendant Sandra Peterson. Plaintiff states a parole violator warrant (blue warrant) was issued on May 28, 2010, but he also states a warrant was issued on June 5, 2010. Plaintiff was arrested on a warrant on June 7, 2010. Defendant Peterson caused the warrant to issue. Plaintiff does not state the violation he was alleged to have committed. On June 25, 2010, he was cleared to parole. He states that because of his arrest, he lost a job he was scheduled to have begun. Plaintiff asserts at some point in June he lost a potential apartment because Defendant Peterson slandered him by telling someone Plaintiff had no job. Plaintiff also alleges he was arrested on July 2, 2010, and September 15, 2010. Plaintiff appears to allege he was again arrested on blue warrants on those dates, and he appears to allege Defendant Peterson had him arrested on those dates. However, he also alleges Defendant Peterson had him arrested only twice.

He also states his case was transferred to parole officer Reginia Nerio who made decisions based on Defendant Peterson's opinions. Plaintiff contends officer Nerio had Peterson arrested for missing a reporting date. It is not clear when that arrest occurred. Plaintiff asserts Defendant Peterson attempted to send Plaintiff to a halfway house without his personal belongings or medications, but Defendant Board of Pardons and Paroles overruled her decision. It is not clear whether that occurred around June 7 or July 2. Plaintiff contends he has submitted grievances to Defendant Board of Pardons and Paroles about Defendant Peterson, but no action has been taken. Plaintiff states he was incarcerated a total of sixty days under the blue warrants. He also states he is still incarcerated, but he does not explain why he is incarcerated, whether on another blue warrant or for some new criminal charge.

Plaintiff claims Defendant Peterson abused authority and violated the Eighth Amendment. He claims Defendant Board of Pardons and Paroles took no action on his grievances. Defendant seeks damages for six months of lost income, for emotional and mental damages, and for punitive damages. Defendant also asks that his parole be discontinued because he has completed three-fourths of his term.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court

accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's Complaint is frivolous and fails to state a claim for federal civil rights relief under 42 U.S.C. § 1983 and therefore is subject to dismissal for the following reasons.*

1.  Plaintiff has not clearly set out fact allegations in support of his claims. Plaintiff has not clearly alleged which of the arrests is the basis of his claim against Defendant Peterson. Plaintiff does not state what the alleged parole violations were for each blue warrant, and he does not state how Defendant Peterson lacked probable cause for believing Plaintiff committed the alleged parole violations. *See Austin v. Borel*, 830 F.2d 1356, 1362-63 (5th Cir. 1987) (parole officer's filing of report seeking a parole violator's warrant is analogous to a police officer's filing an affidavit seeking an arrest warrant); *Quinn v. Roach*, 326 Fed. Appx. 280, 286 (5th Cir. 2009) (issue in suit against officer for executing probable cause affidavit is whether it was unreasonable for officer to believe probable cause existed). Thus, the question in the present case would be whether the totality of the facts within Defendant Peterson's knowledge were sufficient for a reasonable person to conclude that Plaintiff has violated a condition of his parole. *Id*. For example, if an alleged parole violation was for failure to report to the parole officer, Defendant Peterson, Plaintiff does not allege why Defendant Peterson lacked probable cause to believe Plaintiff did not report. Plaintiff may be suggesting he did not report because he claimed to have been in a hospital, but that would go to

whether a failure to report is justified or should be excused and it would not show there was no probable cause to believe he failed to report.

2. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim about unconstitutional confinement does not accrue until the basis of that confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

Plaintiff asserts his parole was continued each time he was arrested. However, he does not allege whether the Board of Pardons and Paroles released him to parole because he did not commit parole violations or whether the Board found he committed parole violations but determined he should remain on parole. Additionally, it is not clear why Plaintiff is presently incarcerated.

Plaintiff's allegations if successful "would necessarily demonstrate the invalidity of his confinement or its duration," and he has not alleged facts to show his confinements under blue warrants have been declared unlawful. Therefore, a civil rights action challenging his custody is barred by *Heck v. Humphrey* and *Wilkinson v. Dotson*. *See McGrew v. Texas Brd. Pardons & Paroles*, 47 F. 3d 158, 160-61 (5th Cir. 1995).

Furthermore, injunctive and declaratory relief invalidating his custody are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed.

2d 439 (1973), the Supreme Court held that where an inmate seeks early release from confinement the inmate's sole remedy is through a writ of habeas corpus.

3.      To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982).

Plaintiff alleges Defendant Board of Pardons and Paroles did not take any action regarding his grievances against Defendant Peterson.  Plaintiff does not allege what he told the Board about Defendant Peterson.  Moreover, a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction . . . and any alleged due process violation arising from the alleged failure to investigate [a prisoner's] grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Plaintiff has not shown he had a constitutional right to have the Board take any particular action regarding his grievances.

4.      Regarding Plaintiff's slander claim against Defendant Peterson, slander, without more, is not a basis for a federal cause of action, even if the matters Plaintiff alleges are true.  *See Williams v. Ballard*, 466 F. 3d 330, 335 (5th Cir. 2006); *Waddleton v. Blalock*, 277 F. 3d 1374 (5th Cir. 2001).

Additionally, Plaintiff does not point to any falsehood Defendant Peterson spoke about him. Plaintiff alleges Defendant Peterson told someone Plaintiff did not have a job, which caused him to

lose a potential apartment, but Plaintiff also alleges he did not have a job.  So, Plaintiff does not identify any falsehood spoken by Defendant Peterson about him regarding whether Plaintiff had a job.

**Plaintiff shall show cause within twenty-one (21) days why his civil rights Complaint should not be dismissed for failure to state a claim by filing a signed amended complaint curing these deficiencies or explaining to this Court why his Complaint should not be dismissed**.  If Plaintiff fails to respond to this Order his Complaint will also be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with an order of his Court.  Alternatively, Plaintiff may request voluntary dismissal of this case.  Fed. R. Civ. P. 41(a)(1).

**SIGNED** on November 12, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE